IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLLY JEAN PETIT,                          )
                                           )
            Plaintiff,                     )
                                           )
     -vs-                                  )        Civil Action No.  17-634
                                           )
                                           )
NANCY A. BERRYHILL[1]                      )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
            Defendant.                     )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 22 and 24).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 21) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.  The procedural history is a bit elaborate and is laid out in detail in the ALJ's decision.  (ECF No. 14-8, pp. 44-45).  Suffice is to say that on February 27, 2017, Administrative Law Judge ("ALJ"), Stephen Cordovani, issued a decision finding Plainitiff was not disabled under the Act.  (ECF No. 14-8, pp. 44-60).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23).  The Motions are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the opinion evidence. (ECF No. 22, pp. 14-16). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §
416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and
severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and
laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of]
record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is
with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §
416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit
has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord
> treating physicians' reports great weight, especially 'when their opinions reflect
> expert judgment based on continuing observation of the patient's condition over a
> prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)
> (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where .
> . . the opinion of a treating physician conflicts with that of a non-treating, non-
> examining physician, the ALJ may choose whom to credit" and may reject the
> treating physician's assessment if such rejection is based on contradictory
> medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a
> treating physician is to be given controlling weight only when it is well-supported
> by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec.

14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot

reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577

F.3d 500, 505 (3d Cir. 2009).

Plaintiff recognizes that the ALJ gave "significant weight" to portions of Dr. Rabinovich's

opinion. (ECF No. 22, p. 15). Plaintiff suggests, however, that the ALJ failed to explain his

reason for rejecting the portion of Dr. Rabinovich's opinion that relates to balancing, crouching[2]

and walking a block. *Id.* at pp. 15-16. As set forth above, an ALJ is not required to accept a

---

[2] Contrary to Plaintiff's assertion, the ALJ rejected Dr. Rabinovich's opinion as it relates to stooping, not crouching.
(ECF No. 14-8, p. 57).

doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. In considering Dr. Rabinovich's opinion, the ALJ stated as follows:

> In reaching this conclusion, I give significant weight to the opinions of Dr. Moore, Dr. Miller, and Dr. Rabinovich due to their expertise and the relative consistency of their opinions with each other and the overall medical evidence, as discussed above (Exhibits 3A, 23F and 26F). I note that the opinions of Dr. Rabinovich regarding the claimant's ability to balance, stoop, and walk a block at a reasonable pace on rough and uneven surfaces are not consistent with the longitudinal evidence in the record, including the clinical findings, the reported activities of daily living, and the opinions of Dr. Moore and R. Miller (Exhibit 26F). Again, I note that more severe limitations may have temporarily surfaced when the three fusion surgeries were performed in 2009, 2012, and 2014, but the record generally reflects improvement shortly thereafter, consistent with the medical opinions, which in turn, were used to formulate the above-listed residual functional capacity assessment for the entire time period at issue. Due to the claimant's testimony and history of extensive cervical spine treatment, the claimant's ability to lift and carry was restricted to ten pounds, but any further limitations in the claimant's ability to stand, walk and sit are unwarranted by the overall medical evidence.

(ECF No. 14-8, p. 57). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).

In suggesting that the ALJ's reasoning was unsupported, Plaintiff points to evidence that supports her proposition that she had issues with balancing, stooping and walking a block at reasonable pace on rough and uneven surfaces. (ECF No. 22, p. 15).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer.v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings. Thus, Plaintiff's argument in this regard is misplaced.

In one sentence, Plaintiff also suggests that the ALJ erred by failing to point to evidence that contradict these limitations. (ECF No. 22, p. 15). A review of the record reveals, however, that the ALJ specifically pointed to evidence that contradicts these limitations. (ECF No. 14-8, p. 57). "I note that the opinions of Dr. Rabinovich regarding the claimant's ability to balance, stoop, and walk a block at a reasonable pace on rough and uneven surfaces are not consistent with the longitudinal evidence in the record, including the clinical findings, the reported activities of daily living, and the opinions of Dr. Moore and R. Miller (Exhibit 26F)." (ECF No. 14-8, p. 57). I find such reasons supported by substantial evidence. *Id.* at pp. 44-60. Therefore, I find no merit to this assertion.

Finally, Plaintiff submits that the ALJ improperly suggested that such limitations expressed by Dr. Rabinovich were inconsistent with the opinions of Dr. Moore and Dr. Miller. (ECF No. 22, pp. 15-16). To that end, Plaintiff presumes that because opinions of Drs. Moore and Miller were before Plaintiff's third surgery and Dr. Rabinovich's opinion was after her third surgery, Dr. Rabinovich's opinion would be more restrictive. *Id.* This presumption, however, cannot serve as a basis for remand. Again, the standard is not whether there is evidence or inferences to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). According to the ALJ, these "limitations may have temporarily surfaced when the three fusion surgeries were performed in 2009, 2012, and 2014, but the record generally reflects improvement shortly thereafter." (ECF No. 14-8, p. 57). Upon review of the record, I find such decision supported by substantial evidence. *Id.* ECF No. 14-8, pp. 44-60). Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLLY JEAN PETIT,            )
                                   )
        Plaintiff,           )
                                   )
    -vs-                    )           Civil Action No.  17-634
                                   )
                                   )
NANCY A. BERRYHILL[3]       )
COMMISSIONER OF SOCIAL SECURITY,      )
                                   )
        Defendant.         )

AMBROSE, Senior District Judge


## ORDER OF COURT

THEREFORE, this 9th day of August, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 21) is denied and Defendant's Motion for Summary Judgment (ECF No. 23) is granted.


                          BY THE COURT:

                          s/  Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.